Olander HICKLES, Jr. III, Petitioner,

v.

David McKUNE, Warden, and Carla Stovall, The Attorney General of the State of Kansas, Respondents.

No. 97–3485–DES.

United States District Court, D. Kansas.

June 14, 1999.

Olander J. Hickles, Lansing, KS, pro se.

Jean K. Gilles Phillips, University of Kansas, School of Law, Lawrence, KS, for petitioner.

Jared S. Maag, Office of Attorney General, Topeka, KS, for respondents.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner challenges the legality of his conviction of first degree murder and alleges that the trial court improperly allowed the petitioner's confession to be introduced into evidence, in violation of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Both parties have submitted briefs on this issue and the court is ready to rule.

## I. FACTUAL BACKGROUND

The petitioner was convicted of murdering Earl Whetstone. At the time of the murder, Mr. Whetstone was separated from his wife, Christine, who had been spending time at the home of the petitioner and his live-in girlfriend, Sharon Patton. On August 24, 1994, the day of the murder, Mrs. Whetstone informed the petitioner that Mr. Whetstone had been at her house and had done some property damage. The petitioner made at least one statement indicating that he was going to go find Mr. Whetstone and possibly kill him. The petitioner, along with Mrs. Whetstone and Sharon Patton, went to the home of Paco Martinez to confront Mr. Whetstone. The petitioner and Mr. Whetstone soon began fighting in the house and were forced outside by the other occupants of the house.

Sharon Patton testified that she saw that the knife petitioner had been carrying earlier in the evening had been drawn. She also testified that she saw the petitioner stab Mr. Whetstone once in the rib area, and then saw the petitioner thrust the knife in Mr. Whetstone's direction a couple more times.

The petitioner was arrested several hours later while walking along a country road. The petitioner was given his *Miranda* warnings as he was driven to the police station. The petitioner did not sign a written waiver of his rights. The petitioner was questioned at the Parsons, Kansas, Police Department. In response to at least the first couple of questions asked by the investigators, the defendant stated that he did not have anything to say. According to the officers, the defendant would state that he did not have anything to say, then immediately ask the officers a question about the case. Eventually, the petitioner did begin to answer the officers' questions and tell his side of the story.

The petitioner stated that he had gone over to Paco Martinez's house looking for Mr. Whetstone. After arriving, a fight started between the two men, that was continued outside the house. The petitioner further indicated that the knife he had been carrying fell to the ground, that there was a struggle for possession of the knife, and that Mr. Whetstone had gotten stabbed. The petitioner also stated that he did not remember with whom he left the house, that he changed the pants he was wearing, and that he did not recall how Mr. Whetstone got stabbed or how many times he was stabbed. These were the statements which were admitted into evidence during the trial.

The forensic pathologist who performed the autopsy testified that he found eight stab wounds, three cuts and impact injuries on the victim's body. The pathologist

testified that Mr. Whetstone bled to death as a result of multiple puncture wounds, probably within a few minutes after the stabbing. He also testified that the multiple stab wounds were consistent with having been caused by a fillet knife, which was recovered from the petitioner's person when he was arrested.

A jail cook and a jailer testified at trial that they listened in on a phone call that the petitioner had with an unidentified female. They testified that the woman asked if the petitioner had any remorse about killing Mr. Whetstone. The cook testified that the petitioner turned to another inmate and said, "I can't believe my old lady had said this. She asked me if I had any remorse about killing him." According to the testimony, the petitioner then replied to the female, "Hell no. It was either him or me. I'm glad it was him instead of me."

## II. ANALYSIS

The petitioner claims that the statements he gave to the police should not have been introduced into the trial because they were obtained in violation of his *Miranda* rights. The court finds that analysis of this issue is unnecessary. Even if the court were to find that the petitioner's confession should have been excluded, the facts of this case show that the admission of the confession was harmless error and provides no basis for overturning the petitioner's conviction.

 The admission of a confession is subject to harmless-error review. *See Arizona v. Fulminante*, 499 U.S. 279, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991). When determining whether a constitutional error is sufficient to overturn a criminal conviction, the court must decide whether the error "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 638, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).

 The court finds that the admission of the petitioner's confession in this case did not have substantial and injurious effect or influence on the jury's verdict. The evidence presented at trial included, *inter alia*, the following testimony:

1. The petitioner had gone to find the victim after making statements that he may kill him;

2. The petitioner found the victim and began fighting with him;

3. The petitioner was seen actually stabbing the victim with a knife once and seen thrusting the knife at the victim several other times;

4. The petitioner was seen hitting the victim several times following the stabbing;

5. The victim received at least eight stab wounds and suffered from blunt trauma;

6. The petitioner was found with a knife consistent with the one used to kill the victim at the time of his arrest; and

7. The petitioner was overheard during a telephone conversation admitting that he killed the victim.

This evidence was clearly sufficient for the jury to find the petitioner guilty of first degree murder. Had the trial court excluded the confession, the outcome of the case would almost certainly have been the same.

The court also notes that the admission of the defendant's confession was not very damaging to the defense. The "confession" which was admitted at trial was more of a statement than a confession. The petitioner gave his side of the story and offered an explanation as to how the victim was stabbed—during a struggle over the knife. Given the other testimony presented at trial, there was little or no question as to who had stabbed Mr. Whetstone. The only question was how did the petitioner stab Mr. Whetstone. The admission of this confession gave the petitioner's version of how the stabbing occurred.

Clearly the statement given by the defendant was not overly damaging to his

**1250**

case. The rest of the evidence presented against the petitioner, however, was extremely strong. There were eyewitnesses who testified seeing the petitioner fighting with the victim and at least one witness who saw the petitioner stab the victim. The court fails to see how the admission of the defendant's confession, assuming it should have been excluded, can be viewed as anything but harmless error.

## III. CONCLUSION

The petitioner initiated this action seeking relief from his conviction of first degree murder based on an alleged error in admitting his confession in violation of his constitutional rights under *Miranda v. Arizona.* The court does not reach the issue of whether the confession should have been suppressed. Even if the court assumes the admission of the confession was improper, the other evidence presented against the petitioner at trial clearly shows that such an error was harmless. Therefore, the petitioner is not entitled to relief.

**IT IS THEREFORE BY THIS COURT ORDERED** that the petition for writ of habeas corpus is denied.